(No. 95-CC-3631—

JACK KULAS, Claimant, *v.* JOSEPH H. VOGLER, Public Administrator and Guardian of Lake County, Respondent.

*Order filed May 6, 1997.*

DEREK A. GILNA, for Claimant.

JIM RYAN, Attorney General (IAIN D. JOHNSTON, Assistant Attorney General, of counsel), for Respondent.

## ORDER ON MOTION TO DISMISS

EPSTEIN, J.

This claim is before the court on the Respondent's section 2—619 motion to dismiss (735 ILCS 5/2—619), supported by an affidavit and contract documentation, which asserts that this court lacks subject matter jurisdiction over this claim. Claimant did not file a response.

This real estate contract claim is brought against Respondent Vogler as "an officer of the state" and names him in his capacity as the Public Administrator and Guardian of Lake County, in which capacity he is alleged to have acted in the transaction that is the subject of this claim. In particular, Respondent Vogler is alleged to have executed the real estate purchase/sale contract (on which this claim is based) in his capacity as a State official. The Claimant, as contract buyer, seeks damages for Respondent's alleged breach of his contract to convey real estate.

Respondent asserts that in this transaction he was acting as the judicially-appointed executor of an estate. Respondent contends that this claim is actually against the estate, and against him only in his capacity as executor and not in his capacity as public administrator (i.e., not as a State official or State employee) and that therefore this action is not against and does not lie against the State. Respondent argues that this Court lacks jurisdiction over this claim because the claim is against the estate.

Although Respondent's analysis is a slight oversimplification, we agree. This claim is not properly against the State. According to the substantive allegations of the complaint, this is a claim solely against the probate estate. As appears from the complaint as well as from Respondent's motion, Respondent Vogler undisputedly executed the real estate contract in his capacity as executor of the estate, and only in that capacity. Claimant's contract was thus with the probate estate and not with the State of Illinois, and we find nothing in the complaint to allege otherwise.

In addition, the complaint seeks relief only from the estate. Nothing in the complaint seeks payment of State funds; nothing in the complaint provides a claim against State funds.

As a claim against a probate estate, this claim is outside the jurisdiction of this Court as prescribed by section 8 of the Court of Claims Act. (735 ILCS 505/8.)

We must point out that Respondent has failed to address the fact that he simultaneously held both the State capacity and the judicially-appointed private capacity. It may be argued that to some extent he acted both as executor and as Public Administrator. (It appears, for example, that Mr. Vogler was appointed to the second capacity (executor), because of his status as Public Administrator.) Like policemen off duty but within their jurisdiction, the

174

Claimant never quite loses his status as a public officer. But he does not always *act* in his State capacity even though he retains it. It is clear in this contract case that the *operative* capacity in which Mr. Vogler acted in this real estate transaction was that of executor and not that of his public office. Moreover, no substantive or substantial nexus with his official capacity has been alleged.

However, our conclusion here does not suggest that there can never be a case where both public and private capacities may be operative so as to give rise to some kind of State liability. That possibility, however, is not fairly presented in this case.

This claim is dismissed for want of subject matter jurisdiction.